THIS ORDER IS A
PRECEDENT OF THE
TTAB

**UNITED STATES PATENT AND TRADEMARK OFFICE**
**Trademark Trial and Appeal Board**
**P.O. Box 1451**
**Alexandria, VA 22313-1451**
General Contact Number: 571-272-8500
General Email: TTABInfo@uspto.gov

KGC

January 12, 2023

Cancellation No. 92077931

*Ruifei (Shenzhen) Smart Technology Co., Ltd.*

*v.*

*Shenzhen Chengyan Science and Technology Co., Ltd.*

**Before Lykos, Lynch, and Larkin,**
**Administrative Trademark Judges.**

**By the Board:**

This proceeding is before us for consideration of Petitioner Ruifei (Shenzhen) Smart Technology Co., Ltd.'s motion for leave to amend its petition for cancellation to amplify and correct its claim of fraudulent procurement and maintenance of the subject registration, Registration No. 5060173 (11 TTABVUE),[1] and motion for

---

[1] Citations to the submissions in this proceeding are to TTABVUE, the Board's online docketing system. *See Turdin v. Trilobite, Ltd.*, 109 USPQ2d 1473, 1476 n.6 (TTAB 2014). Specifically, the number preceding TTABVUE corresponds to the docket entry number, and any number(s) following TTABVUE refer to the page number(s) of the docket entry where the cited materials appear.

The motion for leave to amend does not include a red-lined copy showing the proposed changes along with a clean copy of the proposed amended pleading, as is recommended. *See* TRADEMARK TRIAL AND APPEAL BOARD MANUAL OF PROCEDURE ("TBMP") § 507.01 (2022). This practice is strongly recommended insofar as a red-lined copy will assist the Board in determination of the motion.

partial summary judgment (10 TTABVUE) on its fraud claim filed concurrently therewith. The motion for leave to amend is uncontested, and action on the motion for partial summary judgment is **deferred** pending Respondent's response to this order.

## I. Motion for Leave To Amend

Petitioner seeks leave under Fed. R. Civ. P. 15(a)(2) to file an amended petition for cancellation to "amplify" its fraud claim, which was pleaded in the initial Petition for Cancellation, by adding information produced by Respondent in discovery and allegations concerning Respondent Shenzhen Chengyan Science and Technology Co., Ltd.'s Declaration of Use and/or Excusable Nonuse of Mark in Commerce under Trademark Act Section 8 ("Section 8 Declaration"), 15 U.S.C. § 1058, which was filed after this proceeding was instituted. 11 TTABVUE 2. In addition, Petitioner wishes to clarify that its fraud claim is partly predicated on another declaration Respondent submitted with its statement of use. *Id.* at 8.

Although Respondent filed what is titled as a combined response to Petitioner's motions (13 TTABVUE), Respondent does not contest the motion for leave to amend. Instead, Respondent argues the merits of the proposed amended claim. *See, e.g.*, *id.* at 3 ("Respondent committed no fraud in maintaining its trademark.").

In view thereof, Petitioner's motion for leave to file an amended petition for cancellation is **granted** as conceded, and Petitioner's proposed amended petition

---

Respondent's change of correspondence address is noted (9 TTABVUE), and the Board's records in this proceeding have been updated accordingly.

2

(11 TTABVUE 204-10) is **accepted** as its operative pleading in this proceeding.[2] *See* Trademark Rule 2.127(a), 37 C.F.R. § 2.127(a) (Board may exercise its discretion to treat an uncontested motion as conceded); *see also* TBMP § 502.04.

Respondent is **allowed until twenty (20) days** from the date of this order to file with the Board and serve on Petitioner its answer to the amended petition for cancellation, failing which a notice of default may be issued to Respondent pursuant to Fed. R. Civ. P. 55(a), and Respondent will be allowed time to show cause why default judgment should not be entered against it in accordance with Fed. R. Civ. P. 55(b)(2).

## II. Show Cause Order Following Section 8 Cancellation

In its motion for partial summary judgment, Petitioner mentions Respondent's amendment to the identification of goods in the subject registration in connection

---

[2] Allowing the proposed amendment is appropriate regardless, inasmuch as Petitioner has not previously amended its pleading, nor has it unduly delayed, acted in bad faith, or had a dilatory motive in filing the motion approximately a month-and-a-half after discovery closed. 11 TTABVUE 7 ("The motion is timely, as Petitioner required the benefit of the evidence from [Respondent] during discovery to understand the nature and scope of [Respondent's] activities under its DISO [m]ark at issue. Without the conclusion of discovery, Petitioner was not sure if [Respondent] has any additional evidence showing the use of its DISO [m]ark in connection with any other goods."); *see Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Am. Express Mktg. & Dev. Corp. v. Gilad Dev. Corp.*, 94 USPQ2d 1294, 1297 (TTAB 2010) (citation omitted). In addition, there is no evidence that the amendment will unduly prejudice Respondent, and the amendment is not futile inasmuch as the amended fraud claim is sufficiently pleaded. *See Foman*, 371 U.S. at 182; *see also Am. Express Mktg. & Dev.*, 94 USPQ2d at 1297 (citation omitted).

In addition to its fraud claim, Petitioner alleges nonuse as of the filing of Respondent's statement of use. 11 TTABVUE 208, ¶ 10. Inasmuch as Petitioner must plead and later prove that Respondent made no use of its mark within the deadline for filing the statement of use as extended, i.e., no later than August 4, 2016, we deem Petitioner's allegation of nonuse to pertain to this date. *See Embarcadero Techs., Inc. v. Delphix Corp.*, 117 USPQ2d 1518, 1526 (TTAB 2016).

with the filing of its Section 8 Declaration. 10 TTABVUE 7-8, ¶¶ 10-14. Respondent's deletion of certain goods raises issues that must be addressed before we can consider Petitioner's motion for partial summary judgment.

## A. Background

On August 30, 2021, Petitioner filed a petition to cancel alleging claims of (1) abandonment, and (2) fraud related to the nonuse of the registered mark in connection with all of the goods identified in the subject registration at the time of filing the underlying application, namely:

> Earphones and headphones; Wireless cellular phone headsets; Wearable digital electronic devices comprised primarily of software and display screens for viewing, sending and receiving texts, e-mail, data and information from smart phones, tablet computers and portable computers which also featuring a wristwatch; Portable media players, namely, MP3 players; Communications headsets for use with communication radios, intercom systems, or other communications network transceivers; Audio Speakers; Cell phones; Mobile data terminal (MDT); Cases for music, audio and related electronic equipment, namely, cases for audio tuners, audio receivers, amplifiers, tape players, compact disc players, MP3 controllers/players, audio mixers, audio speakers in the nature of music studio monitors, microphones, audio speakers, compact discs, audio tapes, portable computers, antennas, phonographic record players, audio recording equipment, and the cables associated with all of the foregoing equipment.

1 TTABVUE 6-7, ¶¶ 6-18.

In its November 14, 2021 Section 8 Declaration,[3] filed after the Board instituted this proceeding, Respondent asserted continued use in commerce of its mark DISO

---

[3] "The file … of each registration against which a petition … is filed forms part of the record of the proceeding without any action by the parties and reference may be made to the file for any relevant and competent purpose in accordance with paragraph (b)(2) of this section." Trademark Rule 2.122(b)(1), 37 C.F.R. § 2.122(b)(1). The file of a registration includes any maintenance documents and related office action filed in the USPTO after the commencement of a cancellation proceeding.

on or in connection with all of these goods.[4] Section 8 Declaration of November 14, 2021. Thereafter, the Post-Registration Section of the USPTO ("Post Registration") issued an Office Action informing Respondent that its Section 8 Declaration could not be accepted until an audit had determined whether the registered mark was in fact in use in commerce on or in connection with all of the goods identified in the Section 8 Declaration.[5] Office Action of November 28, 2021. Post Registration also required Respondent to submit verified specimens for the following goods—"wearable digital electronic devices comprised primarily of software and display screens for viewing, sending and receiving texts, e-mail, data and information from smart phones, tablet computers and portable computers which also featuring a wristwatch; antennas"—or to delete these and other goods for which a verified specimen could not be provided, pay a deletion fee, and proffer verified specimens for the remaining goods. *Id.*

In response, Respondent deleted the goods which were the subject of Post Registration's order as well as "tape players, compact disc players, audio tapes,

---

[4] Respondent's obligations under Trademark Act Section 8 were not suspended or discharged as a result of this cancellation proceeding. *See In re Checkers of N. Am. Inc.*, 23 USPQ2d 1451, 1453-54 (Comm'r of Pats. & Trademarks 1992), *aff'd sub nom.*, *Checkers Drive-In Rests. Inc. v. Comm'r of Pats. & Trademarks*, 51 F.3d 1078, 34 USPQ2d 1574 (D.C. Cir. 1995).

[5] "To promote the accuracy and integrity of the trademark register and preserve the register as a reliable reflection of marks in use in commerce," the USPTO randomly audits registrations with required maintenance filings. TRADEMARK MANUAL OF EXAMINING PROCEDURE § 1604.22 ("Post Registration Audit") (2022). If the USPTO audits a registration maintenance filing, the filer will be required to prove use of the trademark for additional goods and services in the registration other than those for which a specimen already was submitted with the maintenance filing. *See* Trademark Rules 2.161(b), 7.37(b), 37 C.F.R. §§ 2.161(b), 7.37(b). The USPTO website contains more detailed information about the Post Registration Audit Program, currently found at uspto.gov/trademarks/maintain/post-registration-audit-program.

phonographic record players." Respondent submitted verified specimens for the following goods:

Earphones and headphones; Wireless cellular phone headsets; Portable media players, namely, MP3 players; Communications headsets for use with communication radios, intercom systems, or other communications network transceivers; Audio Speakers; Cell phones; Mobile data terminal (MDT); Cases for music, audio and related electronic equipment, namely, cases for audio tuners, audio receivers, amplifiers, MP3 controllers/players, audio mixers, audio speakers in the nature of music studio monitors, microphones, audio speakers, compact discs, portable computers, audio recording equipment, and the cables associated with all of the foregoing equipment.

Response to Office Action for Post-Registration Matters of December 16, 2021. Post Registration then issued a second Office Action, wherein Respondent was informed that its response failed to satisfy the specimen and fee requirements, thereby necessitating further action. Office Action of December 22, 2021. Specifically, Post Registration required Respondent to pay the fee for the earlier deletions and submit verified specimens for the remaining goods, except "earphones and headphones," for which acceptable proof of use had been provided, or delete these goods, except "earphones and headphones," and pay a second deletion fee. *Id.*[6]

Respondent then deleted the remaining goods except "earphones and headphones; portable media players, namely, MP3 players," submitted a verified specimen for them, and paid a deletion fee (Responses to Office Action for Post-Registration Matters of October 10, 2022), after which Post Registration accepted Respondent's

---

[6] If at any point "after submission and prior to acceptance of" a Section 8 declaration, the registrant deletes goods, services, or classes from the registration, the registrant must pay the requisite fee for the deletion. Trademark Rule 2.161(c), 37 C.F.R. § 2.161(c). The fee is due each time the registrant responds by deleting goods, services, or classes, even if the registrant previously paid a fee for deleting other goods, services, or classes.

Section 8 Declaration. Accordingly, the goods that this registration now covers are "earphones and headphones; portable media players, namely, MP3 players."

## B. Relevant Law and Analysis

The provisions of Trademark Rule 2.134(b), 37 C.F.R. § 2.134(b), are triggered when a respondent permits its registration to be cancelled under Trademark Act Section 8 during the course of a cancellation proceeding. Trademark Rule 2.134(b) provides:

> After the commencement of a cancellation proceeding, if it comes to the attention of the … Board that the respondent has permitted its involved registration to be cancelled under section 8 … of the Act of 1946, an order may be issued allowing respondent until a set time, … in which to show cause why such cancellation … should not be deemed to be the equivalent of a cancellation by request of respondent without the consent of the adverse party and should not result in entry of judgment against respondent as provided by paragraph (a) of this section. In the absence of a showing of good and sufficient cause, judgment may be entered against respondent as provided by paragraph (a) of this section.

The Board in *Marshall Field & Co. v. Mrs. Fields Cookies*, 11 USPQ2d 1154 (TTAB 1989), addressed the purpose of the 1983 amendments to subsection (b) of Trademark Rule 2.134 as follows:

> The paragraph has been modified to provide an opportunity for the respondent in such situation to "show cause" why judgment should not be entered against it. If respondent submits a showing that the cancellation or expiration was the result of an inadvertence or mistake, judgment will not be entered against it. If respondent submits a showing that the cancellation or expiration was occasioned by the fact that its registered mark had been abandoned and that such abandonment was not made for purposes of avoiding the proceeding but rather was the result, for example, of a two-year period of nonuse which commenced well before respondent learned of the existence of the proceeding, judgment will be entered against it only and specifically on the ground of abandonment.

*Id.* at 1156 n.2; *accord* TBMP § 602.02(b); *see also Peterson v. Awshucks SC, LLC*, 2020 USPQ2d 11526, at *1-2 (TTAB 2020) (discussing repercussions of subject registration abandoned after petition to cancel filed). More recently, in *Orange Bang, Inc. v. Olé Mexican Foods, Inc.*, 116 USPQ2d 1102 (TTAB 2015), when confronted with an attempt by a defendant in a cancellation proceeding to avoid judgment by deleting only those goods subject to the petition to cancel as part of its filing a Section 8 affidavit in order to moot the proceeding, the Board, in disallowing this request, reiterated that "'[t]he purpose of … [this Rule], and the policy underlying the issuance of a show cause order, is to prevent a cancellation proceeding respondent whose subject registration comes due, during the course of the proceeding, for a § 8 … affidavit, ... from being able to moot the proceeding, and avoid judgment, by deliberately failing to file the required affidavits.'" *Id.* at 1109 (quoting TBMP § 602.02(b)).

The Board in *Orange Bang* applied Trademark Rule 2.134(b) where the respondent voluntarily cancelled only certain goods from its registrations, which were found to have been deleted as part of Section 8 affidavits in an attempt to moot the proceeding. The Board granted the petitions to cancel the registrations insofar as the deleted goods were concerned. *Id.* at 1110. Here, as in *Orange Bang*, Respondent deleted certain goods in the subject registration. Unlike in *Orange Bang*, however, this deletion resulted from Post Registration's audit of Respondent's Section 8 Declaration, and does not moot the proceeding because Petitioner seeks to cancel Respondent's registration in its entirety, and certain goods that were not deleted

remain subject to the cancellation claim. Nonetheless, Petitioner's claims of abandonment and fraud related to nonuse rely in part on nonuse of the mark on the now-deleted goods, and therefore the same concerns raised in *Orange Bang* and the policies underlying Trademark Rule 2.134(b) apply. Namely, by deleting certain goods subject to this cancellation, Respondent may not moot this proceeding and avoid judgment as to the deleted goods.[7] As set forth in TBMP § 602.02(b), we require Respondent's response regarding the deletion of goods as it relates to abandonment.[8]

**C. Order**

Accordingly, Respondent is **allowed until twenty (20) days** from the date of this order to file with the Board and serve on Petitioner a response showing cause why its deletion of certain goods in the subject registration should not be deemed the equivalent of a partial cancellation of the registration by request of Respondent without Petitioner's consent, and should not therefore result in judgment against

---

[7] These concerns apply to any respondent who, in a Section 8 affidavit, deletes goods and/or services that are subject to cancellation regardless of whether the deletion was the result of a Post Registration audit.

[8] As discussed, Petitioner also pleads fraud related to the nonuse of the registered mark in connection with all of the goods identified in the subject registration. We note that the only claim impacted by Respondent's deletion of certain goods at this time is abandonment inasmuch as this deletion was the result of Post Registration's inquiry into Respondent's continued use. *See Marshall Field*, 11 USPQ2d at 1156 n.2. As to the fraud claim, Petitioner is not precluded from proving fraud as to any of the goods in the subject registration, whether deleted or remaining. However, if fraud is proven as to any deleted or remaining goods, Respondent's deletion of certain goods as part of its Section 8 Declaration cannot avoid judgment on the fraud claim as to the entirety of the class, including both the deleted and remaining goods. *See G&W Labs., Inc. v. G W Pharma Ltd.*, 89 USPQ2d 1571, 1573 (TTAB 2009) ("[F]raud as to any goods or services in a single class will lead to a finding that the application or registration is void in the class in which fraud has been committed") (citations omitted).

Respondent on Petitioner's abandonment claim as to the deleted goods.[9] *See* Trademark Rule 2.134(b).

If Respondent submits a showing that it permitted the partial cancellation of those goods under Trademark Act Section 8 because its registered mark had been abandoned as to those goods, and that the abandonment was not made for purposes of avoiding the proceeding, judgment will be entered against it only and specifically on the ground of abandonment as to the deleted goods. *See* TBMP § 602.02(b); *see, e.g.*, *Marshall Field*, 11 USPQ2d at 1156 (based on registrant's statement that the use of the registered marks has been discontinued and that registrant has no present intention to resume use of such marks, judgment was entered against respondent on the ground of abandonment; however with respect to ground of likelihood of confusion, because registrant stated that its failure to file a Section 8 affidavit was due to "a deliberate business decision made well prior to commencement of this proceeding and not for purposes of avoiding this proceeding," judgment was not entered as to that ground).

Alternatively, if Respondent demonstrates that the deletion was not made deliberately to avoid judgment on the ground of abandonment and shows good and sufficient cause why judgment should not be entered against it on abandonment, Petitioner will be allowed time to elect whether to move forward with its abandonment claim along with its remaining fraud claim, including as to the deleted

---

[9] This submission should be filed separately from any answer to the amended petition for cancellation that may be filed.

goods, or request that this proceeding against the deleted goods be dismissed without prejudice. *See* TBMP § 602.02(b).

In sum,

- Respondent is **allowed until twenty (20) days** from the date of this order to file with the Board and serve on Petitioner its answer to the amended petition for cancellation; and

- Respondent is **allowed until twenty (20) days** from the date of this order to file with the Board and serve on Petitioner a response showing cause why its deletion of certain goods in the subject registration should not be deemed the equivalent of a partial cancellation of the registration by request of Respondent without Petitioner's consent and should not result in judgment against Respondent on Petitioner's abandonment claim as to the deleted goods.

Proceedings otherwise remain **suspended**.